**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **NOTICE OF INTENT TO USE** |
| | ) | **EVIDENCE** |
| vs. | ) | |
| | ) | |
| Allen M. Kraft, | ) | Case No.  1-06-cr-007 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Notice of Intent to Use Evidence" filed on April 14, 2006.  The Defendant, Allen Kraft, requests the Court to take judicial notice of Section 41-09-40 of the North Dakota Century Code.  In making such a request, the Defendant invokes Rule 201 of the Federal Rules of Evidence which provides as follows:

**Rule 201.  Judicial Notice of Adjudicative Facts.**

**(a) Scope of rule.**  This rule governs only judicial notice of adjudicative facts.

**(b) Kinds of facts.**  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When discretionary.**  A court may take judicial notice, whether requested or not.

**(d) When mandatory.**  A court shall take judicial notice if requested by a party and supplied with the necessary information.

**(e) Opportunity to be heard.**  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.  In the absence of prior notification, the request may be made after judicial notice has been taken.

**(f) Time of taking notice.**  Judicial notice may be taken at any stage of the proceeding.

**(g) Instructing jury.**  In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed.  In a criminal case, the court shall

> instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

Fed. R. Evid. 201. It is well-established that the rule applies only to "adjudicative" facts. As the Advisory Committee Notes explain, "[n]o rule deals with judicial notice of "legislative" facts." Id.

> The omission of any treatment of legislative facts results from fundamental differences between adjudicative facts and legislative facts. Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the law-making process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.

Id; see Qualley v. Clo-Tex Intern, Inc., 212 F.3d 1123, 1128 (8th Cir. 2000); United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976) (citing the Advisory Committee Notes to Rule 201 with approval). Thus, the rule does not allow for taking judicial notice of laws. See Weinstein & Berger, Weinstein's Federal Evidence § 201.02[3] (2005) (explaining that the Advisory Committee did not intend Rule 201 to authorize judicial notice of law).

As previously explained, the Defendant seeks judicial notice of Section 41-09-40 of the North Dakota Century Code. It is clear that such material may not be admitted under Rule 201 of the Federal Rules of Evidence as it is considered "legislative" rather than "adjudicative" in nature. A court may take judicial notice only of the latter. For that reason, the Defendant's "Notice of Intent to Use Evidence" is **DENIED**. (Docket No. 17).

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court